IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMARCUS D. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  19-cv-1184-RJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |
| MARCIA BYRD, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiffs Lamarcus Thomas and Marcia Byrd bring this lawsuit pursuant to the Federal Tort Claims Act ("FTCA") alleging they incurred injuries from a motor vehicle accident occurring on March 26, 2016.

This matter is before the Court on Defendant United States of America's Motion to Strike or Otherwise Exclude the Testimony of Anne Rappaport (Doc. 67), and Plaintiff Lamarcus Thomas' Motion to Strike Certain Testimony of Dr. Peter Anderson (Doc. 69).  For the reasons set forth below, Defendant's Motion to Strike (Doc. 67) is **GRANTED**, and Plaintiff's Motion to Strike (Doc. 69) is **DENIED**.

Page **1** of **8**

## UNITED STATES OF AMERICA'S MOTION TO STRIKE OR OTHERWISE EXCLUDE THE TESTIMONY OF ANNE RAPPAPORT (DOC. 67)

Defendant United States of America seeks to bar the testimony of Plaintiff Byrd's disclosed expert Anne Rappaport. Defendant asserts Ms. Rappaport was disclosed by Plaintiff Byrd as an expert to provide testimony in support of Plaintiff's claim for lost wages.

Defendant argues Ms. Rappaport's report is inadequate and fails to meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Defendant also argues Ms. Rappaport's opinions lack a reliable methodology and her testimony is therefore inadmissible under Federal Rule of Evidence 702.

Plaintiff Byrd did not file a response to Defendant's motion. The Court notes Plaintiff filed an "Expert Witness Designation" on January 7, 2022 related to Ms. Rappaport (Doc. 68). However, this was not filed within the fourteen-day response time (*see* Local Rule 7.1(c)), nor was it captioned as a response. Plaintiff also made no argument or effort to address Defendant's arguments in her filing. As such, the Court does not construe the "Expert Witness Designation" as a response to Defendant's motion. In this instance, the Court finds Plaintiff's failure to timely respond as an admission as to the merits of Defendant's motion under Local Rule 7.1(g).

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and provides that a party must provide expert reports "at the times and in the sequence that the court orders." Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), a witness retained or specially employed to provide expert testimony must provide a written report. Said report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." Fed.R.Civ.P. 26(a)(2)(B)(i)-(ii). An expert report must also provide "any exhibits that will be used to

summarize or support" the opinions, "the witness's qualifications," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and "a statement of the compensation to be paid for the study and testimony in the case." Fed.R.Civ.P. 26(a)(2)(B)(iii)-(vi).

Plaintiffs' expert disclosures in this matter were due by September 30, 2021 (*see* Doc. 64). Plaintiff Byrd disclosed Anne Rappaport as a vocational rehabilitation expert in support of her lost wage and earning capacity claim on June 11, 2021 (*see* Doc. 67-1). The disclosure consisted only of Ms. Rappaport's vocational evaluation report (*see* Doc. 67-2). Plaintiff did not include a resume, CV, or any other statement of Ms. Rappaport's qualifications, a statement of rates and compensation paid to Ms. Rappaport, or a testimony list, as required under Rule 26(a)(2)(B).

Defendant requested this information from Plaintiff's counsel on June 25, 2021, July 12, 2021, October 28, 2021, and December 9, 2021 (*see* Doc. 67-3). Counsel for Plaintiff responded to the final request on December 9, 2021, indicating he would "get on it right away." Defendant represents, and Plaintiff has not contradicted Defendant's statement, that it had not received any materials demonstrating Ms. Rappaport's qualifications, testimony for the past four years, and compensation for her work in this matter as of the date of the filing of its motion on December 17, 2021.

Defendant also contends Ms. Rappaport's report is largely a series of bottom-line conclusions, lacking an explanation of the "basis and reasons for them," in contradiction to Rule 26(a)(2)(B)(i). Defendant points specifically to Ms. Rappaport's opinion that "it is entirely unlikely [Plaintiff Byrd] can ever return to the only work she has ever done," (Doc. 67-2 at 2), without consideration for why, or whether, Plaintiff is able to carry out any other type of work. Defendant contends it appears Ms. Rappaport is of the opinion Plaintiff is unable to work at any

job, but she failed to explicitly state this opinion or provide an explanation for the basis of the same.  Defendant also notes that Ms. Rappaport's opinions as to Plaintiff's wage loss are insufficiently disclosed in her report, as they appear to only be set forth in a table showing a projected annual salary from 2016 to 2037.  Defendant contends that the report does not explain how the wage loss was calculated, and how the base salary calculations and 2% annual cost of living adjustments were determined.

Defendant asserts that Ms. Rappaport's report should be stricken pursuant to Rule 37 due to its failure to comply with Rule 26(a)(2)'s requirements as addressed above.  The Court agrees. Rule 37(c)(1) states, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Sanctions under Rule 37 in this instance are appropriate.  First, as previously mentioned, Plaintiff failed to file a response to Defendant's motion and the Court considers the same as an admission as to the motion's merits.  Moreover, a review of Ms. Rappaport's report demonstrates its failure to meet the requirements set forth in Rule 26(a)(2)(B).  Although the Court recognizes Plaintiff has seemingly supplemented Ms. Rappaport's report with her qualifications, previous testimony, and compensation rates (*see* Doc. 68), such supplementation does not rectify all of the deficiencies present in the report, such as the report's failure to provide "a complete statement of all opinions the witness will express and the basis and reasons for them."  *See* Fed.R.Civ.P. 26(a)(2)(B)(i). The Court also finds Plaintiff has presented no argument as to why her failure to provide the information required under Rule 26(a) was substantially justified or is harmless.

Based on the foregoing, the Court finds Plaintiff Byrd failed to provide the information

required under Rule 26(a)(2) for her expert witness Ms. Rappaport and, as such, sanctions are appropriate under Rule 37.   Ms. Rappaport is **STRICKEN** as an expert pursuant to Rule 37.   The Court finds Defendant's request to exclude Ms. Rappaport as an expert under Federal Rule of Evidence 702 and *Daubert* to be **MOOT**.

## PLAINTIFF LAMARCUS THOMAS' MOTION TO STRIKE CERTAIN TESTIMONY OF DR. PETER ANDERSON

Plaintiff LaMarcus Thomas seeks to exclude the testimony of Dr. Peter Anderson, an expert retained by Defendant to testify in this case, under Rule of Evidence 703.   Plaintiff asserts that although Dr. Anderson is a qualified orthopedic surgeon, he wholesale adopted opinions of Dr. Petkovich, a non-retained expert who Defendant is not calling to testify at trial.   Plaintiff asserts Dr. Anderson adopted opinions of Dr. Petkovich that are contradictory to Dr. Anderson's own observations to, in effect, "parrot" Dr. Petkovich.   Plaintiff asks that the Court bar any part of Dr. Anderson's testimony that relies upon or references the opinions, reports, or file of Dr. Petkovich.

In support of his motion, Plaintiff Thomas asserts that Dr. Petkovich has had his testimony stricken in multiple courts as venal, and that he included observations in his report from surveillance video of Plaintiff that is now unavailable.   Plaintiff contends that because Defendant knew Dr. Petkovich's opinions and video surveillance would not be entered into evidence, Defendant is attempting to get Dr. Petkovich's report in through Dr. Anderson.

Defendant asserts Plaintiff's motion should be denied because it is untimely, Dr. Anderson's testimony relating to Dr. Petkovich's examination is reliable, and Plaintiff's arguments against admission go to the weight of the evidence at trial.   Defendant also asserts Plaintiff has mischaracterized the circumstances surrounding the disclosure of Dr. Petkovich and

its decision not to depose him in this case. Defendant asserts that although the issue is irrelevant, it is forced to correct the record, explaining that in the days leading up to Dr. Petkovich's deposition, counsel learned that Petkovich had not retained his file relating to his examination of Plaintiff, including the underlying medical records he examined. Defendant asserts that in counsel's opinion, going forward with the deposition wherein Dr. Petkovich would largely restate what is contained in his reports would not be a good use of time, particularly where counsel had already retained Dr. Anderson.

With regards to the substance of Plaintiff's motion, the Court first questions its timing. Plaintiff asks that portions of Dr. Anderson's testimony be stricken under Rule of Evidence 703, which provides that:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect[1].

While Plaintiff does not specially invoke Rule of Evidence 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Court agrees with Defendant and finds Plaintiff's motion is a *Daubert* challenge. Indeed, when the issue is whether to admit or exclude the testimony of an expert witness, the Court's discretion is guided by Federal Rules of Evidence 702 and 703, as well as the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. In *Daubert*, the Supreme Court made clear that trial judges are

---

[1] The Court notes that Rule 703 specifically references disclosure to the jury. Here, this case will be heard by bench trial where *Daubert* concerns are of lesser importance. *See Loeffel Steel Products, Inc. v. Delta Brands, Inc.*, 372 F.Supp.2d 1104, 1122-23 (N.D. Ill. June 9, 2005).

to ensure "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. While the Court remarked that "[t]he primary locus of this obligation is Rule 702, which clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify," *Id.* at 589, the Court also instructed that a "judge assessing a proffer of expert scientific testimony under Rule 702 should also be mindful of other applicable rules," citing Rule 703, 706, and 403 specifically. *Id.* at 595. Thus, Rule 703 is not necessarily distinct and separate from a challenge brought under *Daubert* and the invocation of Rule 703 is contemplated for such a challenge. Rule 703 requires that an expert employ "those kinds of facts or data" on which experts in a particular field reasonably rely. *Manpower, Inc. v. Insurance Co. of Pennsylvania*, 732 F.3d 796, 809 (7th Cir. 2013). Moreover, even without a specific reference to *Daubert* or Rule 702, the Court must conduct a *Daubert* inquiry when the challenge goes to an expert's qualifications or methodology. *See Hall v. Flannery*, 840 F.3d 922, 927 (7th Cir. 2016). Here, the Court is not able to evaluate Plaintiff's claims regarding Dr. Anderson's testimony without engaging in a *Daubert* analysis. Experts offering medical opinion testimony may consider medical reports and records in formulating their opinions, and determining whether it was appropriate in this instance necessarily requires an evaluation of the factors at issue in Rule 702, including whether Dr. Anderson's testimony is based on sufficient facts or data, whether the testimony is the product of reliable principles and methods, and whether Dr. Anderson reliably applied the principles and methods to the facts of the case. Thus, Plaintiff's complaints related to Dr. Anderson's report under Rule 703 are inextricably linked to the analysis required under Rule 702, which lies with *Daubert*. This poses a problem for Plaintiff.

On July 26, 2021, the undersigned entered an Order indicating *Daubert* motions were to be filed by December 17, 2017 (Doc. 64). According to the undersigned's case management

procedures, "[a]ll *Daubert* motions (seeking to exclude expert testimony/evidence) must be filed by the dispositive motion deadline, <u>not</u> the motion *in limine* deadline. **Counsel is ADVISED that *Daubert* motions not filed in accord with this deadline will be denied as untimely-filed.**" Here, it is apparent Plaintiff is seeking to exclude expert testimony and that even if Plaintiff did not caption it as a *Daubert* motion, the effect and analysis is the same.   Said motion was to be filed by December 17, 2021.   Plaintiff did not file his motion until January 24, 2022, more than one-month beyond the deadline, and just ahead of an upcoming Final Pretrial Conference set for February 14, 2022 and Bench Trial set for March 1, 2022.  Plaintiff did not seek leave of Court to file his untimely motion.   As such, and in accordance with the undersigned's case management procedures, the Court **DENIES** Plaintiff's motion as untimely.

## Conclusion

Based on the foregoing, Defendant United States of America's Motion to Strike or Otherwise Exclude the Testimony of Anne Rappaport (Doc. 67) is **GRANTED**, and Plaintiff Lamarcus Thomas' Motion to Strike Certain Testimony of Dr. Peter Anderson (Doc. 69) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 11, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**